UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE STEWART,

       Plaintiff,

CASE NO. 1:10-CV-698

v.

HON. ROBERT J. JONKER

JUDY GRACIK, *et al.*,

       Defendant.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 49); Plaintiff Stewart's Objections to the Report and Recommendation (docket # 53) and related Affidavit (docket # 54); Defendant Gracik's Objection (docket # 50); and the Objection filed by Defendants Correctional Medical Services, Inc., Abelellatif, Spitters, and Hutchinson (docket # 52). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

In this case, Plaintiff Stewart, who is paraplegic, alleges violations of 42 U.S.C. §§ 1983 and 1986 arising out of Defendants' alleged failures to provide him with necessary medical resources. In his Report and Recommendation, the Magistrate recommends dismissal of the claims Plaintiff Stewart asserts under 42 U.S.C. § 1986 for failure to state a claim. The Magistrate Judge also recommends granting Mr. Stewart's motion to amend his complaint (docket # 22). He finds that the amended complaint adequately addresses the concerns raised in Defendants' motions for a more definite statement (docket ## 20, 21), and recommends dismissing the motions as moot in light of the amended complaint. The Magistrate Judge further recommends granting summary judgment in favor of Defendants MDOC Director Caruso and Warden Berghuis and dismissing them from the case. Finally, the Magistrate Judge recommends granting summary judgment in favor of Defendant Gracik on all claims asserted against her except Plaintiff's claim based on his allegation that he was denied crutches ordered on August 1, 2007. Mr. Stewart and most of the defendants have filed objections to the Report and Recommendation.

Mr. Stewart objects first to the recommended dismissal of his claims under § 1986. (Pl. Obj., docket # 53, at 3-4.) To maintain an action under § 1986, a plaintiff must allege that a conspiracy existed under 28 U.S.C. § 1985 and that defendants failed to prevent that conspiracy. Among other things, a plaintiff must demonstrate that the alleged conspiracy was motivated by a class-based animus, such as race. The Magistrate Judge notes correctly that being disabled does not

place a plaintiff in the kind of discrete and insular minority § 1985 contemplates and concludes that Mr. Stewart's § 1986 claims cannot proceed. *See Bartell v. Lohiser*, 215 F.3d 550, 559-60 (6th Cir. 2000). Mr. Stewart objects that Defendants' evidence reflects that Plaintiff had complained that Defendants were providing leg braces and Canadian crutches to white prisoners but not to him. (Pl.'s Obj., docket # 53, at 3.) This is not enough. In the first place, Mr. Stewart nowhere alleges in his complaint or proposed amended complaint that his race (or his disability for that matter) motivated the alleged conspiracy. Moreover, he articulates no plausible basis, and presents no evidence suggesting a basis, any conspiracy against him. His allegations do not support the § 1986 claims he asserts. The Magistrate Judge correctly recommends that the § 1986 claims be dismissed.

Defendants Correctional Medical Services, Inc. ("CMS"), Abdellatif, Spitters, and Hutchinson object to the Magistrate Judge's findings that the proposed amended complaint effectively addresses their request for a more definite statement. (Defs.' Obj., docket # 52, at 5-6.) They assert that the proposed amended complaint does not provide adequate factual specificity regarding the alleged events, actions and inactions forming the basis of Plaintiff's claims. (*Id.*) They note that the proposed amended complaint specifies a single date, October 21, 2007, as the point at which Plaintiff's claims began to arise, and they desire more temporal specificity. (*Id.*) They request that the Court deny Plaintiff's motion to amend and grant their motion for a more definite statement. (*Id.* at 7.) In essence, Defendants' objection reiterates the arguments raised in Defendants' original opposition to Plaintiff's motion to amend. The Magistrate Judge has already carefully weighed and properly addressed the motion to amend and Defendants' opposition. The Magistrate Judge correctly concluded that Plaintiff is entitled to amend his complaint as of right as to one defendant and because justice so requires as to the others. (Report and Recommendation,

docket # 49, at 9.) The Court also agrees with the Magistrate Judge that the Defendants are now on notice of the time and location of the alleged incidents (on or after October 21, 2007, at LRF) and the substance of Plaintiff's claims. Defendants' motions for a more definite statement are moot in light of the amended complaint.

Mr. Stewart objects to the Magistrate Judge's recommendation that the Court grant summary judgment to Defendants Caruso and Berghuis. (Pl. Obj., docket # 53, at 4-6.) In making this recommendation, the Magistrate Judge emphasized the well-settled rule that a § 1983 action cannot be based on a theory of respondeat superior. (Report and Recommendation, docket # 49, at 12-13.) Mr. Stewart argues that his claims against Defendants Caruso and Berghuis do not rely on respondeat superior. (Pl. Obj., docket # 53, at 4-6.) However, his objection continues invoking a theory of supervisor liability. He states that Defendants Caruso and Berghuis had the authority to order treatment and care to prevent him from developing foot drop. Because they failed to act, contends Mr. Stewart, they participated directly in a constitutional violation. (*Id.* at 5.) This alleged failure to act, without more, does not amount to direct participation and does not create a constitutional violation. *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998). Mr. Stewart's objection fails.

Mr. Stewart also objects to the Magistrate Judge's recommendation of summary judgment for Defendant Gracik on Mr. Stewart's claims arising out of the alleged denial of wheelchair foot rests and AFO braces. (Pl. Obj., docket # 53, at 6-7.) Mr. Stewart asserts that he never refused to allow Defendants to repair his wheelchair or otherwise make foot rests available to him. (*Id.*) Even assuming this is true, it is not dispositive. The Magistrate Judge accurately points out that the record reflects repeated efforts by medical providers at LRF to make foot rests available to

Mr. Stewart. (Report and Recommendation, docket # 49, at 13-22.) The Sixth Circuit draws a distinction "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). The Court agrees with the Magistrate Judge that this action falls in the latter category. This Court, like other federal courts, is "reluctant to second guess medical judgments and to constitutionalize claims which sound in tort law." *Id.* Moreover, there is no indication in the record that Ms. Gracik took any act to deny Mr. Stewart foot rests or braces. Mr. Stewart's objection that before he was incarcerated, he had a prescription for AFO braces does not change the analysis. Mr. Stewart may disagree with the course of the care he received regarding foot rests and braces, but this does rise to the level of a constitutional claim against Ms. Gracik. "A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim." *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003). Ms. Gracik is entitled to summary judgment on the claims regarding denial of foot rests and AFO braces.

Finally, Defendant Gracik objects to the recommended denial of summary judgment for her as to Mr. Stewart's claim that defendants failed to provide him with crutches. (Obj., docket # 50, at 2-3.) Noting that Defendant Gracik was admittedly responsible for the coordination of all clinical activities, dental, medical, psychological services, mental health and all ancillary and support services" at LRF (Gracik aff. at ¶¶ 1-2), the Magistrate Judge emphasizes record evidence that a medical provider ordered crutches for Mr. Stewart and that Mr. Stewart did not receive the crutches. The Magistrate Judge concludes that a genuine issue of material fact exists as to the extent, if any,

to which Ms. Gracik was responsible for the failure to provide the crutches. (Report and Recommendation, docket # 25-26.) In her Objection, Defendant Gracik emphasizes the distinction between Canadian crutches (for triceps) and ordinary crutches. (Obj., docket # 50, at 2-3.) She claims that Mr. Stewart's allegations refer only to Canadian crutches, while the crutches ordered but not received were for ordinary crutches. (*Id.*) She suggests that Mr. Stewart's claim that he was denied Canadian crutches must therefore fail. (*Id.*) This is not persuasive on the existing record. It may be that a more capable record would eliminate any genuine factual issue, but the Court agrees with the Magistrate Judge that Ms. Gracik is not entitled to summary judgment on this record.

The Magistrate Judge's Report and Recommendation is factually sound and legally correct.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 49) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the claims Plaintiff asserts under 42 U.S.C. § 1986 are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend complaint (docket # 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motions for a more definite statement (docket ## 20, 21) are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants' Caruso, Berghuis and Gracik's motion for summary judgment is **DENIED** to the extent it seeks summary judgment in favor of Defendant Gracik in connection with Plaintiff's claim that he was denied crutches ordered on August 1, 2007 and is **GRANTED** in all other respects. Defendants Caruso and Berghuis are **TERMINATED** from this action.

DATED:  September 30, 2011            /s/Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE